FINK v. BRENNER et al.

(Supreme Court, Appellate Term. May 25, 1912.)

JUDGMENT (§ 162*)—DEFAULT—VACATION.

　　Where affidavits in support of a motion to vacate a default judgment, which showed that the plaintiff had promised the defendant to have the cause "settled" when called, were not denied by plaintiff's affidavits, which merely went to show that the claim upon which the judgment was based had not been paid, the judgment should be vacated, as a trial of the merits on affidavits is not proper.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. § 162.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bernard Fink against Samuel Brenner and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Reuben Dorfman, of New York City, for appellants.
Anton Gronich, of New York City, for respondent.

PER CURIAM. The plaintiff brought this action against the defendants to recover the sum of $83.75 upon a promissory note made by the defendant Rosen and indorsed by the defendant Brenner. Defendants claim that, after the summons was served and prior to its return day, the parties arranged a settlement by the terms of which

payment of the amount of the note was to be made in three installments, one of $42.50 and two of $2.25 each. Checks were made by Rosen and delivered to the plaintiff, and it is claimed by defendants that the plaintiff promised to have the case marked "Settled" when called in the Municipal Court. The defendant Rosen claims that he paid the checks, the last one on January 9, 1912. He then asked for the note, and was told it was in court, and was also informed that judgment had been taken against him and his codefendant upon the return day of the summons by default. He then asked plaintiff to satisfy the judgment, which request was refused. Upon an affidavit containing the foregoing statement, and upon a verified answer and an affidavit of merits, the court was asked to open defendants' default, which request was denied.

The plaintiff's affidavit used in opposing the motion makes no denial of the assertion that he promised to have the case marked "Settled," but states that there is a balance still due upon the judgment of $32.13 and interest, and that upon payment of this amount the judgment will be satisfied. Under these circumstances, the default should have been opened. The question as to whether or not the claim has been paid should not be tried upon affidavits.

Order reversed, and judgment vacated, and a new trial ordered, with costs to appellants to abide the event.